IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PAUL W. ROLLINS, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 4:11-CV-00665-GAF |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA"), by and through its attorney John Mark Hongs of Hinshaw & Culbertson LLP, for its Memorandum in Support of Motion for Summary Judgment, states as follows:

### INTRODUCTION

The plaintiff incurred a debt to HSBC totaling about $500 for his outstanding credit card balance. While the plaintiff admits that he made purchases on this credit card and that HSBC contacted him in an attempt to secure payment, the plaintiff's balance continues to be outstanding.

Plaintiff cannot state the exact number of debts he has incurred to various creditors and debt collectors nor can he recall the names of the entities who attempted collection of his debts from him. This is not surprising, as the plaintiff's attorney has explained that the plaintiff struggles with the concept of time such that he cannot place particular events within a particular time frame. Rather than paying off his debt, the plaintiff responded to his attorneys' television advertisement and filed the present lawsuit against PRA, <u>alleging that the pattern and frequency of calls placed by PRA within a particular time frame</u> violated the law.

The plaintiff filed the instant suit claiming that PRA violated Sections 1692d, d(5), d(6), e, e(2),[1] and f of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, by: (1) placing "repeated and continuous" calls to the plaintiff with the intent to annoy, abuse, and harass the plaintiff rather than to collect his debt; (2) failing to "meaningfully disclose its identity" in its communications with him; and (3) attempting collect of an "out-of-statute" debt.

The plaintiff cannot establish that PRA violated the FDCPA by causing the telephone to ring continuously or engaging him in conversation repeatedly for the following reasons: (1) between February 21, 2011 and July 6, 2011, a period of about 4 months and 2 weeks, PRA placed a total of 36 calls to the plaintiff; (2) the maximum number of calls placed by PRA in 1 month was 14 calls; (2) the calls were placed between the hours of 8:00 a.m. and 9:00 p.m.; (3) PRA never placed more than 2 calls in a single day, that occurred only two times in almost 5 months, and the two calls were placed a minimum of 2 hours apart; (4) Plaintiff refused to answer PRA's calls upon viewing his Caller ID and determining the call was from PRA; and (5) as such, PRA was never able to discuss the plaintiff's account with him. *Carman v. The CBE Group, Inc.*, No. 09-2538, 2011 WL 1102842, at *7 (D. Kan. Mar. 23, 2011)("Although plaintiff testified as to her distress and annoyance as a result of CBE's calls, her opinion regarding whether the calls were harassing is not evidence of CBE's intent. Instead, the evidence suggests an intent by CBE to establish contact with plaintiff, rather than an intent to harass").

Summary judgment should also be granted in favor of PRA because the plaintiff has not put forth any evidence to establish that PRA made the calls with an intent to harass him rather than attempt to discuss the plaintiff's outstanding debts. 15 U.S.C. § 1692d(5); *Carman*, 2011 WL

---

[1] The plaintiff illogically contends that he brings this claim not under Section 1692e(2)(A) but 1692e(2), which prohibits "the false representation of [end of quote]." Ex. 3, Ex. 4; 15 U.S.C. § 1692e(2). Section 1692e(2)(A) prohibits "the false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). In any event, the plaintiff's claim must fail.

2

1102842, at *2. In actuality, the undisputed evidence demonstrates PRA's intent to discuss the plaintiff's debt with him and refutes any claim that PRA intended to harass him.

To the extent the plaintiff attempts to assert a separate 1692d claim based on his allegation that PRA attempted collection of a time-barred debt, this allegation is false because the plaintiff's debt continues to be within its statute of limitations. *Eckert v LVNV Funding, LLC*, 674 F. Supp. 2d 1096, 1104-05 (E.D. Mo. 2009), citing Mo. Rev. Stat. § 516.120 (statute of limitations in Missouri on a credit card debt is 5 years and begins running on date of debtor's last payment).

Even if the statute of limitations on the plaintiff's debt had expired (which it has not), it is established that a debt collector does not violate the FDCPA by attempting to collect a time-barred debt. *Huertas v Galaxy Asset Man*, 641 F.3d 28, 32-34 (3rd Cir. 2011)(affirming 12(b)(6) dismissal of plaintiff's FDCPA claims and holding that running of statute of limitations on any debt does not extinguish the debt or render it invalid); *Murray v CCB Credit Srvs.*, No. 04-7456, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004)(holding that attempted collection of time-barred debt does not violate FDCPA as a matter of law and therefore dismissing plaintiff's FDCPA claims under 12(b)(6)).

The plaintiff has failed to put forth a scintilla of evidence (not even the date and time of any such call) in support of his boilerplate claim that PRA failed to meaningfully disclose its identity in violation of 1629d(6). The plaintiff has not produced a single call recording. The plaintiff has not produced any documentation (even a hand-written note) in support of this claim. *Saltzman v The CBE Group, Inc.*, No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. Sept. 30, 2009)(granting summary judgment in favor of defendant where plaintiff failed to put forth evidentiary support for her claims and stating it would be "unfair to insist that Defendant attempt to rebut such nebulous claims, absent even the slightest indication of when the alleged violations occurred, what they consisted of, or which of its employees might have committed them"), citing *Millsap v CCB Credit Services, Inc.*, No. 07-11915, slip op. at 8 (E.D. Mich. Sept. 30, 2008).

3

Plaintiff's 1692e and e(2) claims are also based (only) on the allegation that PRA attempted collection of a time-barred debt, and PRA is similarly entitled to summary judgment on these claims.

The plaintiff does not assert any separate factual basis for his 1692f claim, instead contending that, "PRA's actions, taken as a whole, violate 1692f." PRA is entitled to judgment on this claim as well. *Saltzman*, 2009 WL 3190359, at *7 (granting summary judgment in favor of defendant and stating, "As [plaintiff's] more specific FDCPA claims lack evidentiary support, Plaintiff's more generalized, and equally unsupported, § 1692f claim must also fail... Additionally, Plaintiff has failed to offer any credible evidence to support how this conduct was also unfair or unconscionable under § 1692f"), citing *Taylor v Heath W. Williams, LLC*, 510 F.Supp.2d 1206, 1217 (N.D. Ga. 2007).

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

I. **Plaintiff's outstanding debts.**

Plaintiff incurred a debt to HSBC in the amount of $512.54 pursuant to a Mastercard he applied for, received, and used to make purchases. Plaintiff Paul Rollins' deposition, attached hereto as Exhibit 1, at 12:23-12:35. Plaintiff made payments on this card but then refused to continue doing so. Ex. 1 at 14:20-14:24; Ex. 2. Plaintiff made his last payment on his HSBC account on December 10, 2009. Documents produced by Defendant, attached hereto as Group Exhibit 2, at Collection Notes for Plaintiff's Account, PRA006 – PRA012, at PRA006. Plaintiff failed to pay off his remaining balance and refused to contact HSBC about his refusal to pay, despite receiving monthly account statements from HSBC as well as correspondences from HSBC regarding his outstanding balance. Ex. 1 at 13:11-13:18, 26:11-26:17. HSBC sold his account to PRA on January 24, 2011 because the plaintiff failed to pay his debt. Ex. 2 at PRA006 – PRA012. The plaintiff never disputed the debt with PRA. Ex. 2.

4

Plaintiff cannot recall exactly how many other credit cards debts he's incurred in the past 3 years nor does he remember the names of his other credit cards on which he incurred outstanding balances. Ex. 1 at 18:20-19:16; 23:13-23:15. The plaintiff lacks the ability to place particular events within a particular time frame. Ex. 1 at 33:22-34:13. His counsel stated, "I've talked to him about dates and I don't think he can do years very well... And I just don't think he understands 2012, 2011..." Ex. 1 at 33:22-34:13.

II. **Factual basis for each of the plaintiff's claims and (lack of) evidence put forth by the plaintiff in support.**

Plaintiff filed his complaint in this case on July 7, 2011 alleging that PRA violated Sections 1692d, d(5), d(6), e, e(2), and f of the FDCPA. Plaintiff's complaint, Court docket entry ("DE") # 1. The entire "factual" basis for the plaintiff's claim that PRA violated 1692d, d(5), and d(6) of the FDCPA is that PRA:

> caused Plaintiff's telephone continuously to ring and repeatedly engaged Plaintiff in conversation with the intent to annoy, abuse, and harass Plaintiff into paying a disputed and out-of-statute debt. Defendant failed to meaningfully disclose its identity in communications with Plaintiff.

Plaintiff's responses to Defendant's first discovery request, attached hereto as Exhibit 3, at Answer ("Ans.") to Interrogatory No. 18.

Despite his claim that, "Defendant failed to meaningfully disclose its identity in communications with Plaintiff," in violation of 1692d(6), the plaintiff failed to provide the date and time of any such communication and failed to produce a single call recording or documentation of any kind in support of this claim *See* Ex. 3; Plaintiff's responses to Defendant's supplemental discovery requests, attached hereto as Exhibit 4. In reality, the plaintiff stated, and the undisputed evidence proves, that PRA did properly identify itself in its communications with him. Ex. 1 at 22:5-22:10; Declaration of Tara Privette, attached hereto as Exhibit 5, at ¶¶ 37-39.

5

130283243v1 0926121

The entire "factual" basis for the plaintiff's claim that PRA violated 1692e and e(2) is that PRA, "falsely represented the character of the debt in that it is uncollectible because it is out-of-statute." Ex. 3 at Ans. to Interrogatory No. 20; Ex. 4 at Ans. to Supplemental Interrogatory No. 1.

The entire "factual" basis for the plaintiff's conclusory assertion that PRA violated 1692f of the FDPCA is that, "Defendant's actions during communication with Plaintiff, taken as a whole violate 1692f preface." Ex. 3 at Ans. to Interrogatory No. 26. Despite the numerous boilerplate claims stated by the plaintiff (which simply restate the text of the FDCPA and which the plaintiff has failed to support with even a scintilla of evidence), the plaintiff admits that his only basis for this lawsuit is his contention that PRA "called him everyday." See DE # 1; Ex. 1 at 25:18-25:23.

Plaintiff did not produce a single document, tape recording, or evidence of any of his claims. Ex. 3 at Response to Request for Production ("RFP") No. 17. Instead, the plaintiff relies only on PRA's collection notes and call recordings to support his claims. Ex. 3 at Response to RFP No. 17.

### III. PRA's business practices related to documenting communications with each debtor.

PRA's business includes collecting on unpaid, outstanding account balances. Ex. 5 at ¶ 7. PRA maintains detailed collection notes regarding the activity that takes place on each account. Ex. 5 at ¶ 8. Activities such as telephone calls, telephone conversations and written correspondences regarding an account are recorded in detail in the collection notes. Ex. 5 at ¶ 9. PRA purchased the plaintiff's HSBC account in the amount of $512.54 and assigned it the file number 5155920000966375. Ex. 5 at ¶ 13.

### IV. Plaintiff's refusal to communicate with PRA and to discuss his outstanding debts.

PRA forwarded an initial validation notice to the plaintiff on February 10, 2011. Ex. 2 at Initial validation letter, PRA013 – PRA014; Ex. 5 at ¶ 14. The February 10 letter clearly and conspicuously informs the plaintiff of his rights to request verification of the debt and to dispute the

6

130283243v1 0926121
Case 4:11-cv-00665-GAF   Document 24   Filed 03/01/12   Page 6 of 20

debt. Ex. 2 at PRA013 – PRA014. The plaintiff did not respond to this letter, dispute his debt, or request verification of the same. Ex. 2; Ex. 5 at ¶ 15.

PRA placed calls to 2 telephone numbers belonging to the plaintiff, XXX-XXX-1385 and XXX-XXX-5513, in an attempt to reach the plaintiff. Ex. 2; Ex. 5 at ¶ 16. Both numbers are landlines. Ex. 2; Ex. 3 at Ans. to Interrogatories No. 3, 5. The plaintiff did not have a cellular phone during the time period in question. Ex. 1 at 28:16-28:22. Between February 21, 2011 and July 6, 2011, a period of about 4 months and 2 weeks:

PRA placed 35 calls to the telephone number XXX-XXX-1385;

PRA placed 10 calls to the telephone number XXX-XXX-5513;

9 of these 10 calls did not go through; and

The call which did go through was answered by a third-party who stated that the plaintiff was unavailable to speak with PRA.

Ex. 2; Ex. 5 at ¶¶ 17-19. PRA placed the following number of calls to XXX-XXX-1385 during each month of the time period between February 2011 and July 2011:

(1) February 2011: 0

(2) March 2011: 3;

(3) April 2011: 7;

(4) May 2010: 14;

(5) June 2010: 7; and

(6) July 2011: 4.

Ex. 2; Ex. 5 at ¶ 21. PRA placed 1 call to XXX-XXX-5513, on February 21, 2011. Ex. 2; Ex. 5 at ¶ 22. PRA never placed more than 2 calls in 1 day to the plaintiff. Ex. 2; Ex. 5 at ¶ 23. PRA placed 2 calls in 1 day on two occasions: May 16, 2011 and July 3, 2011. Ex. 2; Ex. 5 at ¶ 24. On May 16, 2011, the calls were placed over 6 hours apart. Ex. 2; Ex. 5 at ¶ 25. On July 3, 2011,

the calls were placed over 2 hours apart. Ex. 2; Ex. 5 at ¶ 26. PRA never called the plaintiff before 8:00AM CST or after 9:00PM CST. Ex. 2; Ex. 5 at ¶ 20.

On February 21, 2011, May 10, 2011, May 15, 2011, and May 25, 2011, a third-party answered the phone and stated the plaintiff was unavailable. Ex. 2; Ex. 5 at ¶ 27. On March 23, 2011, April 12, 2011, April 20, 2011, May 18, 2011, May 28, 2011, June 13, 2011, and June 21, 2011, the plaintiff answered PRA's call but refused to allow PRA to speak, and the plaintiff terminated the call. Ex. 2; Ex. 5 at ¶ 28. On April 5, 2011, a male answered the plaintiff's phone and immediately terminated the call. Ex. 2; Ex. 5 at ¶ 29. On July 6, 2011, a male answered PRA's call and stated that the number ending in 1385 was a wrong number for the plaintiff. Ex. 2; Ex. 5 at ¶ 30. This is a false statement. Ex. 3 at Ans. to Interrogatory No. 3, 5.

PRA waited a minimum of 2 days before attempting to contact the plaintiff again in an attempt to discuss his account with him after the plaintiff refused to communicate with PRA and instead terminated the call. Ex. 2; Ex. 5 at ¶ 31. PRA was <u>never</u> able to discuss the plaintiff's account with him because of the plaintiff's own conduct. Ex. 2; Ex. 5 at ¶ 32. Of the 36 total calls which went through to the plaintiff:

> 22 went unanswered and 7 were answered by a third-party;
>
> The plaintiff answered the remaining 7 calls and terminated each call before PRA could discuss his account with him; and
>
> The plaintiff never stayed on a call long enough to know why PRA was calling him, stating, "[They] must have been calling on a bill or something."

Ex. 1 at 25:12-25:13; Ex. 2; Ex. 5 at ¶¶ 33, 34. PRA never called, hung up, and immediately called back. Ex. 5 at ¶ 35. Plaintiff admitted he refused to answer PRA's calls upon viewing his Caller ID and determining the call was from PRA. Ex. 1 at 39:5-39:7. The plaintiff never placed a single call to PRA, and he refused to allow PRA to discuss his debt with him. Ex. 2; Ex. 5 at ¶ 36.

130283243v1 0926121

V. **Direct evidence of communications between the parties.**

PRA produced 4 call recordings associated with its attempt to collect the plaintiff's debt. Ex. 5 at ¶ 37. One of these recordings is with a third-party who states that the plaintiff is not in.[2] Ex. 5 at ¶¶ 37, 38. The plaintiff terminated the other 3 calls with PRA before it could discuss the plaintiff's account with him. Ex. 5 at ¶¶ 37, 39. The substance of these calls is as follows:

**Recording 1:**

    **PRA:** Hello, may I speak to Paul Rollins?

    **Rollins:** Yeah

    **PRA:** Hi, this is Tanisha calling from Portfolio Recovery Associates in regard to your HSBC Account. Hello?

    **Rollins:** Who is this?

    **PRA:** This is Tanisha calling from Portfolio Recovery Associates in regards to your HSBC account.

    **Rollins:** Who is you?

    **PRA:** We're, sir, the collection agent for HSBC. You had a Master Card? Hello?

    **[Call disconnected]**

**Recording 2:**

    **PRA:** Yes, may I speak to Paul?

    **Rollins:** Yes

    **PRA:** Can I speak to Paul?

    **Rollins:** Yeah.

    **PRA:** How you doing Mr. Rollins?

    **Rollins:** How you doing?

---

[2] PRA does not restate the substance of this call recording in an effort to avoid unnecessary lengthening of its memorandum, as the plaintiff does not bring a third-party disclosure claim. To the extent the plaintiff intends to rely on this recording, he can do so and provide the substance of the same in his response to PRA's motion for summary judgment.

PRA: This is Kimberly and I'm calling from Portfolio Recovery Associates. Your HSBC account was forwarded to me today to make a decision on it.

Rollins: Mm Hmm.

PRA: I didn't want to do that without talking to you and getting you involved. I do have to say our calls may be monitored or recorded. This an attempt to collect by a debt collector ---

Rollins: She didn't send me no, she didn't send me no letter out.

PRA: ---Okay, and any information obtained will be used for that purpose.

Rollins: I don't have nothing. You know that don't make sense to send me something out I don't know nothing about.

PRA: Sir, we are a third-party collection agency. Mr. Rollins?

[Call disconnected]

Recording 3:

Rollins: Hello.

PRA: Paul?

Rollins: Hello.

PRA: Paul?

Rollins: Hello, who is this?

PRA: This is Anthony, may I speak to Paul.

Rollins: Yes.

PRA: Paul Rollins?

Rollins: Yeah.

PRA: Hey, how you doing?

Rollins: Alright.

PRA: Okay, once again my name is Anthony I'm calling from Portfolio Recovery Associates in regards to an account that you have here in my office through HSBC Bank. I do need to state by law that our call may be monitored or recorded. This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose. Hello?

130283243v1 0926121

[Call disconnected]

Ex. 5 at ¶ 39.

## ARGUMENT

A. <u>Standard of review.</u>

A motion for summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A court properly enters summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 479 (7th Cir. 1996) (quoting *Celotex*).

To successfully oppose a motion for summary judgment, the nonmovant must do more than raise a "metaphysical doubt" as to the material facts. *See Zenith*, 475 U.S. at 586. Instead, he must present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Zenith*, 475 U.S. at 587 (emphasis omitted). There is not a genuine issue for trial if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party..." *Zenith*, 475 U.S. at 587.

B. <u>PRA is entitled to summary judgment on Plaintiff's FDCPA claims.</u>

1. PRA did not violate 1692d or d(5) of the FDCPA.

Plaintiff claims that PRA violated Sections 1692d and d(5) of the FDCPA. To successfully prove a violation of these sections, Plaintiff must show that PRA placed a sufficient number of calls to be "continuous" or "repeated" and also must <u>also</u> put forth evidence that these calls were placed

11

130283243v1 0926121

Case 4:11-cv-00665-GAF    Document 24    Filed 03/01/12    Page 11 of 20

with an intent to harass, annoy, or abuse him.[3] 15 U.S.C. §§ 1692d, 1692d(5). PRA is entitled to summary judgment on these claims because: (1) the number of calls at issue does not rise to the level of a violation; and (2) Plaintiff fails to put forth any evidence that PRA intended to harass, annoy, or abuse him.

Initially, PRA's account notes demonstrate that PRA's calls were neither repeated nor continuous. PRA placed calls to 2 telephone numbers (both landlines) belonging to the plaintiff, XXX-XXX-1385 and XXX-XXX-5513, in an attempt to reach the plaintiff. Ex. 2; Ex. 5 at ¶ 16. These are the only two numbers at which PRA could reach the plaintiff. Ex. 1 at 28:16-28:22; Ex. 3 at Ans. to Interrogatories No. 3, 5. Between February 21, 2011 and July 6, 2011, a period of about 4 months and 2 weeks:

PRA placed 35 calls to the telephone number XXX-XXX-1385; .

PRA placed 10 calls to the telephone number XXX-XXX-5513;

9 of these 10 calls did not go through; and

PRA was never able to speak to the plaintiff at XXX-XXX-5513.

Ex. 2; Ex. 5 at ¶¶ 17-19. PRA placed the following number of calls to XXX-XXX-1385 each month:

(1) February 2011; 0

(2) March 2011: 3;

(3) April 2011: 7;

(4) May 2010: 14;

(5) June 2010: 7; and

(6) July 2011: 4.

---

[3] To the extent the plaintiff claims that PRA violated these sections by "failing to meaningfully disclose its identity in its communications with him, this is the basis of a claim under 1692d(6). Ex. 3 at Ans. to Interrogatory 18. PRA demonstrates why it is entitled to summary judgment on this claim in Section B.3. *infra*.

Ex. 2; Ex. 5 at ¶ 21. PRA placed 1 call to XXX-XXX-5513, on February 21, 2011, and a third-party answered this call. Ex. 2; Ex. 5 at ¶ 22. PRA never placed more than 2 calls in 1 day to the plaintiff. Ex. 2; Ex. 5 at ¶ 23. PRA placed 2 calls in 1 day on two occasions: May 16, 2011 and July 3, 2011. Ex. 2; Ex. 5 at ¶ 24. These calls were a minimum of two hours apart. Ex. 2; Ex. 5 at ¶¶ 25, 26. PRA never placed calls to Plaintiffs before 8:00AM CST or after 9:00PM CST. Ex. 2; Ex. 5 at ¶ 20. PRA was <u>never</u> able to discuss the plaintiff's account with him. Ex. 2; Ex. 5 at ¶ 32.

Of the 36 total calls which went through to the plaintiff:

22 went unanswered;

7 were answered by a third-party;

The plaintiff answered the remaining 7 calls and terminated each call before PRA could discuss his account with him; and

The plaintiff never stayed on a call long enough to know why PRA was calling him, stating, "[They] must have been calling on a bill or something."

Ex. 1 at 25:12-25:13; Ex. 2; Ex. 5 at ¶¶ 33, 34. PRA waited a minimum of 2 days before attempting to contact the plaintiff again in an attempt to discuss his account with him after the plaintiff refused to communicate with PRA and instead terminated the call. Ex. 2; Ex. 5. at ¶ 31. What's more, the plaintiff admitted he refused to answer PRA's calls upon viewing his Caller ID and determining the call was from PRA. Ex. 1 at 39:5-39:7. The plaintiff never placed a single call to PRA. Ex. 2; Ex. 5. at ¶ 36.

Courts consistently resolve far more harassing claims than those the plaintiff asserts here at the summary judgment stage. *Carman*, 2011 WL 1102842, at *7 (granting summary judgment in favor of defendant and holding that 149 calls over the course of two months, with up to 4 calls placed per day, did not violate § 1692d(5), where defendant was able to reach plaintiff only once); *Beeders v Gulf Coast Collection Bureau*, 2011 WL 2682984, at *3 (M.D. Fla. Jan. 12, 2011)(stating, "Absent additional evidence demonstrating a significantly larger volume and frequency of calls,"

defendant's 40 calls, between January and May 2008, and 15 voice messages did not rise to level of 1692d(5) violation, and granting summary judgment for defendant on this claim), *aff'd* by *Beeders v Gulf Coast Collection Bureau*, 2011 WL 2555829 (11th Cir. June 28, 2011); *Chavious v The CBE Group, Inc.*, No. 10-1293, 2012 WL 113509, at *2-3 (E.D. NY Jan. 13, 2012)(summary judgment in favor of defendant where defendant placed "thirty-six calls over approximately two months, all made at reasonable times and not one immediately following another," even where plaintiff called defendant back, was put on hold for several minutes, and therefore terminated call without having chance to speak with defendant); *Tucker v The CBE Group, Inc.*, 710 F Supp. 2d 1301, 1305-06 (M.D. Fla. May 5, 2010)(granting summary judgment in favor of defendant and holding that 57 calls over the course of a month did not violate § 1692d(5)); *Saltzman*, 2009 WL 3190359, at *7 (holding that defendant's calls, everyday and several times a day, where unaccompanied by any oppressive conduct such as threatening messages, did not constitute a violation of Section 1692d(5) as a matter of law); *Wolfe v CCB Ltd. Partnership-Delaware*, 2009 WL 230637, at *12 (E.D. Mich. Jan. 30, 2009)(summary judgment in favor of the defendant on the plaintiff's claims under §1692d(5)); *see also Fashakin v Nextel Communications*, 2009 WL 790350, at *6 -7 (E.D. N.Y. March 25, 2009))(granting summary judgment in favor of defendant); *Udell v Kan. Counselors, Inc.*, 313 F.Supp.2d 1135, 1144 (D. Kan. 2004)(granting summary judgment for defendant when defendant had called plaintiff 4 times over 7 days); *Grismore v United Recovery Systems, L.P.*, 2006 WL 2246359, at *6 (D. Ariz. Aug. 3, 2006)(granting summary judgment in favor of the defendant where it had placed 19 calls to the plaintiff in an approximately 3 month time period).

In *Carman v The CBE Group, Inc.*, No. 2:09-cv-2538, 2011 WL 1102842 (D. Kan. Mar. 23, 2011) the court granted summary judgment in favor of defendant debt collector on Plaintiff's claims under Section 1692d(5) finding that defendant's telephone calls were not harassing. In that case, Plaintiff's Home Depot Citibank account was forwarded to defendant for collection on August 30,

14

130283243v1 0926121
Case 4:11-cv-00665-GAF   Document 24   Filed 03/01/12   Page 14 of 20

2009. 2011 WL 1102842, at * 2. Defendant attempted to contact plaintiff at her home and work telephone numbers for two months, between August 31, 2009 and October 24, 2009. *Id.* Defendant called plaintiff's home number up to 4 times a day and called her work number up to 3 times a day for a total of 149 calls to plaintiff during that two-month period (92 of these calls were placed in September 2009 and 55 calls were placed in October 2009). *Id.*

In rejecting plaintiff's claim that Defendant's calls constituted harassment, the court found that there was no evidence of an unacceptable pattern of calls and that defendant's conduct suggested an intent to establish contact with plaintiff rather than an intent to harass. *Id.* at 5. The court stated:

> [O]ther courts have recently found that "even 'daily' calls, unaccompanied by other egregious conduct, such as calling immediately after hanging up, calling multiple times in a single day, calling places of employment, family or friends, calling at odd hours, or calling after being asked to stop, is insufficient to raise a triable issue of fact for the jury.

*Id.*

Here, despite the plaintiff's conclusions that PRA "caused Plaintiff's telephone continuously to ring and repeatedly engaged Plaintiff in conversation <u>with the intent to harass and abuse him</u>," Plaintiff has not presented <u>any</u> evidence of such intent. Ex. 3 at Ans. to Interrogatory No. 17. The only evidence put forth by the plaintiff – his self-serving deposition testimony – actually refutes such claims. Plaintiff admitted that refused to answer calls placed by PRA, and he never returned PRA's calls. Ex. 1 at 39:5-39:7; Ex. 2; Ex. 5. at ¶ 36.

Further, the undisputed evidence – recordings of the parties' conversations – demonstrates that the plaintiff refused to allow PRA to discuss his HSBC debt with him, instead terminating <u>7</u> calls before PRA could do so. Ex. 5. at ¶¶ 37, 39. Plaintiff's own conduct forced PRA to call back in an attempt to speak to him, increasing the number of calls PRA made to him. As such, Plaintiff's unsupported claim that PRA placed calls with an intent to harass him, rather than discuss and collect

15

his outstanding debts, is refuted by PRA' account notes and call recordings (which the plaintiff <u>relies on</u> in an effort to survive summary judgment). *Beeders*, 2011 WL 2682984, at *3 (M.D. Fla. Jan. 12, 2011)(noting that even though the call log showed that the defendant placed up to twenty-nine (29) calls in a single month and up to four (4) calls in a single day, nothing in the record indicated "that the phone calls were intended to be annoying, abusive, or harassing"), citing *Waite v. Financial Recovery Services, Inc.*, 2010 WL 5209350, at *5 (M.D. Fla. Dec.16, 2010)(132 calls over 9 month period, with up to 4 calls in one day, without more, "do not exhibit the vexing qualities in which courts have typically found an intent to "annoy, abuse, or harass" in violation of § 1692d(5)")

Plaintiff fails to meet his burden of proof that: (1) PRA's calls to him were continuous or repeated; or (2) PRA placed calls with an intent to harass the plaintiff rather than discuss his outstanding debts. As such, PRA is entitled to summary judgment on the plaintiff's 1692d and d(5) claims.

2. **To the extent the plaintiff attempts to assert a separate violation of § 1692d, the plaintiff fails to meet his burden of proof on this claim.**

To the extent the plaintiff pursues a separate violation of 1692d, he has not put forth any evidence of conduct which rises to the level of harassment in violation of the FDCPA. As demonstrated above, the frequency and pattern of calls placed by PRA in an attempt to reach the plaintiff does not violate the FDCPA. To the extent the plaintiff attempts to argue that PRA harassed him by "attempting to collect a debt that is uncollectible," this argument fails to support a claim under 1692d because: (1) the plaintiff's debt is not "out-of-statute"; and (2) even if it was, a debt on which the statute of limitations has run does not extinguish the debt or render it invalid.

The statute of limitations in Missouri on a credit card debt is 5 years. *Eckert v. LVNV Funding, LLC*, 674 F. Supp. 2d 1096, 1104-05 (E.D. Mo. 2009), citing Mo. Rev. Stat. § 516.120. The statute of limitations period begins to run on the date of the last payment on the account. *Id.*, citing *McEntee v. Halloran*, 391 S.W.2d 266, 268 (Mo. 1965); *Chadwick v. Chadwick*, 115 Mo. 581, 22 S.W.

130283243v1 0926121

479, 480 (1893). The plaintiff made his last payment on his HSBC account on December 10, 2009. Ex. 2. The statute of limitations on this debt is December 10, 2014, and the debt remains within its statute of limitations.

Even if the plaintiff's debt was outside of the statute of limitations (which it is not), a time-barred debt is collectible. *Huertas v Galaxy Asset Man.*, 641 F.3d 28, 32-34 (3rd Cir. 2011), citing *Walker v Cash Flow Consultants*, 200 F.R.D. 613, 616 (N.D. Ill. 2001); *Murray v CCB Credit Srvs.*, No. 04-7456, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004). In *Huertas*, plaintiff appealed the district court's dismissal, under 12(b)(6), of his claims that defendant debt collector violated the FDCPA by attempting to collect a time-barred debt from him. 641 F.3d at 31. The Third Circuit addressed this issue of first impression by focusing on what the "majority of courts" have held. *Id.* at 32-33. The court followed the majority, finding that the expiration of a statute of limitations does not render a debt invalid, and therefore the debt remains collectible. *Id.*, citing *Freyermuth v Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001), *Walker*, 200 F.R.D. at 615-16. Thus, the court affirmed the lower court's 12(b)(6) dismissal of plaintiff's FDPCA claims.

The plaintiff claims that PRA "repeatedly engaged him in conversation with the intent to annoy, abuse, and harass Plaintiff" into paying a debt "that is uncollectible because it is out-of-statute." Ex. 3 at Ans. to Interrogatory No, 18, 20. The plaintiff's legal and factual misconceptions cannot support his 1692d claim, and PRA is entitled to summary judgment on this claim.

3. **Plaintiff fails to provide any factual basis for his 1692d(6) claim much less put forth any evidence of this claim.**

Section 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. 1692d(6). The plaintiff claims, "Defendant failed to meaningfully disclose its identity in communications with Plaintiff." Ex. 3 at Ans. to Interrogatory No. 18. The plaintiff fails to provide *which* communications much less produce a single call recording, document (even a hand-written note), or any evidence in support, instead relying on PRA's collection notes

17

and call recordings. Ex. 3; Ex. 4; *Saltzman*, 2009 WL 3190359, at *7 (granting summary judgment in favor of defendant where plaintiff failed to support put forth evidentiary support for her claims and stating it would be "unfair to insist that Defendant attempt to rebut such nebulous claims, absent even the slightest indication of when the alleged violations occurred, what they consisted of, or which of its employees might have committed them"), citing *Millsap v. CCB Credit Services, Inc.*, No. 07-11915, slip op. at 8 (E.D. Mich. Sept. 30, 2008).

The undisputed evidence – the call recordings of communications between the plaintiff and PRA - proves that PRA clearly and conspicuously identified itself in each communication with the plaintiff. Ex. 2. In reality, the plaintiff has <u>admitted</u> that PRA properly identified itself in its communications with him, stating that PRA "said what company it was" in its communications with him. Ex. 1 at 22:5-22:10.

Plaintiff does nothing more than recite the text of the FDCPA to bring a boilerplate claim without any factual or evidentiary support, and PRA is entitled to judgment on the same.

### 4.  PRA did not violate e or "1692e(2)" of the FDCPA.

The entire factual basis for the plaintiff's claim that PRA violated 1692e and e(2) is that PRA, "falsely represented the character of the debt in that it is uncollectible because it is out-of-statute." Ex. 3 at Ans. to Interrogatory No. 20; Ex. 4 at Ans. to Supplemental Interrogatory No. 1. Section 1692e prohibits a debt collector from using, "any false, deceptive, or mis-leading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) prohibits the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

As demonstrated in Section B.2. *supra*, the undisputed evidence proves that the plaintiff's debt is within the statute of limitations, and even if was not, a time-barred debt is collectible. Thus, PRA is similarly entitled to summary judgment on the plaintiff's 1692e and "e(2)" claims.

18

130283243v1 0926121
Case 4:11-cv-00665-GAF   Document 24   Filed 03/01/12   Page 18 of 20

5. **Plaintiff fails to identify a single fact in support of his claim that PRA violated 1692f much less put forth any evidence of this claim.**

Section 1692f prohibits a debt collector from using, "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The entire factual basis for the plaintiff's claim that PRA violated 1692f of the FDCPA is that, "Defendant's actions during communication with Plaintiff, taken as a whole violate 1692f preface." Ex. 3 at Ans. to Interrogatory No. 26.

Plaintiff's attempt to throw in an additional, boilerplate claim without any factual basis much less any evidence in support cannot survive summary judgment. *Saltzman*, 2009 WL 3190359, at *7 (granting summary judgment in favor of defendant where plaintiff "failed to offer any credible evidence" that defendant's conduct was <u>also</u> unfair and unconscionable under 1692f).

Despite the numerous boilerplate claims brought by the plaintiff which simply restate the text of the FDCPA without any evidentiary support, the plaintiff admits that his only basis for this lawsuit is his contention that PRA "called him everyday." Ex. 1 at 25:18-25:23; *See* DE # 1. As discussed *infra*, the plaintiff has failed to prove that contention. PRA is entitled to judgment on the plaintiff's 1692f claim.

## CONCLUSION

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, respectfully requests this Court grant its motion for summary judgment, enter judgment in its favor and for such other relief as this Court deems proper.

HINSHAW & CULBERTSON LLP

By: */s/ John Mark Hongs*
JOHN MARK HONGS
Gateway One
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
P: 314-241-2600  F: 314-241-7428
jhongs@hinshawlaw.com

19

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2012, I electronically filed the with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Memorandum of Law in Support of Defendant's Motion for Summary Judgment** by using the CM/ECF system, which will send notification of such filing(s) to:

J. Mark Meinhardt
4707 College Blvd., Suite 100
Leawood, KS 66211


                              */s/John Mark Hongs*