# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

PAUL ROLLINS,                          )
                                       )
      Plaintiff,              )
                                       )
v.                                     )     NO. 4:11-CV-00665-GAF
                                       )
                                       )
PORTFOLIO RECOVERY ASSOCIATES,         )
LLC,                                   )
                                       )
      Defendant.              )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST
## SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Fed.R.Civ.P. 26 and 33, the Plaintiff, Paul Rollins, by and through his attorney of record, J. Mark Meinhardt, hereby responds as follows to Defendant's First Set of Interrogatories Directed to Plaintiff.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to PRA's discovery requests:

1.    All objections or answers to interrogatories which fail or refuse to fully respond to any interrogatory on the ground of any claim of privilege of any kind whatsoever shall:

    a.    state the nature of the privilege;

    b.    state the facts relied upon in support of the claim of privilege; and

    c.    identify all persons having knowledge of any facts relating to the claim of privilege.

2.    "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.     "Plaintiff" refers to PAUL ROLLINS and any of PAUL ROLLINS' agents, representatives, successors or assigns or anyone acting on behalf of Rollins.

4.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

5.     The use on the word "including" shall be construed to mean "without limitation."

6.     "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

7.     To "identify the entire basis" means to provide the complete factual summary of each element of the claim, allegation, or denial. The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation or denial.

8.     "PRA" refers to Portfolio Recovery Associates, LLC.

9.     "Document" includes, without limitation, and without regard to the form of matter of recording, any transcript, report, memorandum, record, letter, telegram, wire, overnight letter, pamphlet, brochure, book, minute, microfilm, instruction manual, telephone log, procedural guideline, microfiche, invoice, calendar, appointment book, note, computer printout, or other writing whether printed, handwritten or otherwise and whether an original, draft or copy.

10.    "Communication" or "correspondence" refers to any verbal, written, electronic or other transmittal of words, thoughts, ideas, or images between or among persons or groups of persons, whether in person, by letter, by telephone or by any other means.

## INTERROGATORIES

1.     State the full name, current residence address, date of birth, current telephone number, and Social Security number of the persons responding to these interrogatories.

**ANSWER**:   Paul William Rollins



**May be contacted through counsel only**

2. State each address Plaintiff has resided at in the last 7 years, and the period of time Plaintiff resided at each.

    **ANSWER:** Approximately 25 years at current address.

3. List each telephone number used, owned, and/or subscribed to by Plaintiff in the last 7 years, whether each is a landline or cellular phone number, and the telephone provider for each telephone number listed.

    **ANSWER:** ███████ 5513, landline provided by Southwestern Bell
               1385, landline provided by Time Warner Cable
               3329, cellular track phone

4. List each e-mail address, username, nickname and/or any other "handle" used by Plaintiff on any public website in the last 5 years, and list each such website.

    **ANSWER:** None.

5. State each and every telephone number that Plaintiff contends PRA placed calls to. For each, state the time period during which Plaintiff claims he received calls at this telephone number and whether each is a cellular phone or landline.

    **ANSWER:** ███████ 5513
               1385

6.     State whether Plaintiff received any correspondence from PRA relating to or referring to the account at issue. If yes, state when such correspondence was received and to which address each such correspondence was sent.

**ANSWER:**     Plaintiff is unsure whether he received correspondence from PRA.


7.     Identify all documents which concern, refer or relate to, or support the allegations of the Complaint.

**ANSWER:**     Plaintiff believes PRA has account notes and recordings on his account, but they have not yet been provided by PRA.


8.     Does Plaintiff dispute he owes the Account? If so, state:

a.     all reasons why Plaintiff disputes the Account.

b.     all communications, including the dates of each contact, participants and substance of each contact Plaintiff has had with any creditor, debt collector or credit bureau relating to any dispute of the Account.

**ANSWER:**     Yes. Plaintiff disputes that he owes the account or that it is legally collectible. Plaintiff participated in communications with PRA in which he disputed the account.


9.     Describe all contacts, telephonic or written, between Plaintiff and PRA, including dates of each contact, participants and substance of each contact.

**ANSWER:**     The Plaintiff does not remember the exact dates and times of the telephonic communications with the Defendant. It is Plaintiff's belief that Defendant

keeps and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

10.    As to all damages Plaintiff claims he has incurred:

      a.    state in detail the factual basis and amount, and

      b.    identify all documents which support his claims for statutory damages, attorneys' fees, litigation expenses, and costs of suit.

      c.    identify all documents which support his claims for actual damages.

**ANSWER:**    Statutory damages in the amount of $1,000.00, actual damages as determined by jury, reasonable attorney fees and costs and any other relief deemed appropriate by the Court. Plaintiff expects documents to be produced by PRA in discovery to be responsive to this interrogatory.

11.    State the reasons why each Plaintiff contends PRA attempted to collect a debt from him.

**ANSWER:**    Plaintiff is unable to answer this interrogatory as it is unclear.

12.    Identify all persons who may have any personal knowledge regarding the allegations contained in the Complaint and state the substance of each person's knowledge.

**ANSWER:**    Plaintiff. Defendant's collectors and other employees. Defendant failed to answer Plaintiff's interrogatory 3, which would provide names of additional persons.

13. If Plaintiff has ever received a notice of a class action settlement or been a member to any class in any lawsuit, state the name, case number and jurisdiction of any such action.

     **ANSWER:** Not applicable.

14. Identify all persons whom Plaintiff intends to call as a witness at trial, any hearing or deposition in this matter, and for each person identified, identify the matters about which the witness will testify.

     **ANSWER:** Plaintiff has not yet determined who will be called. Plaintiff expects to provide this information through the witness list.

15. Identify each person you intend to call as an expert witness at any hearing or trial, including but not limited to all experts and/or entities Plaintiff may seek to use in an attempt to provide evidence of any kind that the Defendants allegedly violated the Fair Debt Collection Practices Act ("FDCPA") or any expert you intend to disclose pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

     **ANSWER:** Plaintiff has not yet determined who he may call as an expert.

16. Describe all steps which Plaintiff has taken to mitigate the damages Plaintiff claims to have suffered by reason of Defendant's alleged actions.

     **ANSWER:** Plaintiff changed his telephone number.

17. How did Plaintiff learn of the law firm of J. Mark Meinhardt?

**ANSWER:** Objection. Not reasonably calculated to lead to the discovery of admissible evidence. s/ J. Mark Meinhardt

18.     Identify the entire factual basis for your allegation that Defendant violated Section 1692d of the FDCPA.

**ANSWER:** Defendant caused Plaintiff's telephone continuously to ring and repeatedly engaged Plaintiff in conversation with the intent to annoy, abuse and harass Plaintiff into paying a disputed and out-of-statute debt. Defendant failed to meaningfully disclose its identity in communications with Plaintiff. Plaintiff may supplement this answer when it receives due documents from Defendant.

19.     Identify the entire factual basis for your allegation that Defendant violated Section 1692d(2) of the FDCPA.

**ANSWER:** Plaintiff, at this time, has made no such allegation. Plaintiff may supplement this answer when it receives due documents from Defendant.

20.     Identify the entire factual basis for your allegation that Defendant violated Section 1692e of the FDCPA.

**ANSWER:** Defendant falsely represented the character of the debt in that it is uncollectable because it is out-of-statute. Plaintiff may supplement this answer when it receives due documents from Defendant.

21.     Identify the entire factual basis for your allegation that Defendant violated Section 1692e(2)(A) of the FDCPA.

**ANSWER:**    Plaintiff, at this time, has made no such allegation. Plaintiff may supplement this answer when it receives due documents from Defendant.

22.     Identify the entire factual basis for your allegation that Defendant violated Section 1692e(3) of the FDCPA.

**ANSWER:**    Plaintiff, at this time, has made no such allegation. Plaintiff may supplement this answer when it receives due documents from Defendant.

23.     Identify the entire factual basis for your allegation that Defendant violated Section 1692e(4) of the FDCPA.

**ANSWER:**    Plaintiff, at this time, has made no such allegation. Plaintiff may supplement this answer when it receives due documents from Defendant.

24.     Identify the entire factual basis for your allegation that Defendant violated Section 1692e(7) of the FDCPA.

**ANSWER:**    Plaintiff, at this time, has made no such allegation. Plaintiff may supplement this answer when it receives due documents from Defendant.

25.     Identify the entire factual basis for your allegation that Defendant violated Section 1692e(10) of the FDCPA.

**ANSWER:** Plaintiff, at this time, has made no such allegation. Plaintiff may supplement this answer when it receives due documents from Defendant.

26. Identify the entire factual basis for your allegation that Defendant violated Section 1692f of the FDCPA.

**ANSWER:** Defendant's actions during communication with Plaintiff, taken as a whole, violate 1692f preface.

27. Identify the entire factual basis for your allegation that Defendant violated Section 1692f(6)(C) of the FDCPA.

**ANSWER:** Plaintiff, at this time, has made no such allegation. Plaintiff may supplement this answer when it receives due documents from Defendant.

28. Identify the entire factual basis for any claim that Defendant violated the FDCPA or any other laws with respect to the collection of Plaintiff's Account. If Plaintiff contends PRA violated any section of the FDCPA or any law which Plaintiff does list in [*sic*] her complaint, please identify any such section or law. Also, please state the basis for why each such section of the FDCPA or law was not listed in Plaintiff's complaint.

**ANSWER:** At this time, Plaintiff is unaware of any sections of the FDCPA not listed on the Complaint. However, should any arise; Plaintiff will amend his Complaint.

29.    Has Plaintiff ever been a party to any lawsuit? If so, list the name, court number, jurisdiction and outcome for all such lawsuits, including but not limited to all bankruptcy filings that Plaintiff has filed within the last ten years, including the case number and jurisdiction for each such filing and the dates each bankruptcy was closed.

ANSWER:    01/10/10, Rollins v ER Solutions, Inc. 4:10-cv-00069, Settled
05/04/10, Rollins v GC Services, LP 4:10-cv-00457, Settled
07/01/11, Rollins v Portfolio Recovery Assoc. 4:11-cv-00665, Pending

30.    Has Plaintiff ever been convicted of:

a.    crime punishable by imprisonment in excess of 1 year, or

b.    a crime involving dishonesty or false statement?

If yes, please list the case name, number, jurisdiction and outcome.

**ANSWER:**    No.


## PLAINTIFF'S SWORN SIGNATURE

STATE OF KANSAS                    )
                                   ) ss
COUNTY OF JOHNSON                  )

The below named person, being duly sworn on oath states that he is the Plaintiff in the above captioned cause; and that he has made the foregoing answers from information that is true and correct according to his best knowledge and belief.

By: *Paul W Rollins*
Paul W. Rollins

On this 7 day of November in the year 2011, before me, Sherri Fisher, a Notary Public in and for said state, personally appeared Paul W. Rollins, known to me to be the person who executed the within Interrogatories and acknowledged to me that he executed the same for the purposes therein stated.

SHERRI FISHER
OFFICIAL SEAL
MY COMMISSION EXPIRES
February 12, 2013

Notary Public

My Commission Expires: 2-12-13

PAUL ROLLINS,  )
)
       Plaintiff,  )
)
v.  )
)  NO. 4:11-CV-00665-GAF
PORTFOLIO RECOVERY ASSOCIATES,  )
LLC,  )
       Defendant.  )
)

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Fed.R.Civ.P. 26 and 33, the Plaintiff, Paul Rollins, by and through his attorney of record, J. Mark Meinhardt, hereby responds as follows to Defendant's First Set of Interrogatories Directed to Plaintiff.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to PRA's discovery requests:

1.    "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

2.    "Plaintiff" refers to PAUL ROLLINS and any of PAUL ROLLINS' agents, representatives, successors or assigns or anyone acting on behalf of Rollins.

3.    "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

4.    The use on the word "including" shall be construed to mean "without limitation."

5.    "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

6. To "identify the entire basis" means to provide the complete factual summary of each element of the claim, allegation, or denial. The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation or denial.

7. "PRA" refers to Portfolio Recovery Associates, LLC.

8. "Document" includes, without limitation, and without regard to the form of matter of recording, any transcript, report, memorandum, record, letter, telegram, wire, overnight letter, pamphlet, brochure, book, minute, microfilm, instruction manual, telephone log, procedural guideline, microfiche, invoice, calendar, appointment book, note, computer printout, or other writing whether printed, handwritten or otherwise and whether an original, draft or copy.

9. "Communication" or "correspondence" refers to any verbal, written, electronic or other transmittal of words, thoughts, ideas, or images between or among persons or groups of persons, whether in person, by letter, by telephone or by any other means.

10. This request calls for the production of documents in the possession, control or custody of Plaintiff or his agents, attorneys, or other persons acting on his behalf.

11. Plaintiff shall produce the original copy of each document requested herein, as well as any drafts, revisions, or copies of the same which bear any mark or notation not present on the original, or which otherwise differ from the original.

12. If Plaintiff believes that any given document is responsive to more than one paragraph or subparagraph of this request, Plaintiff shall produce such document only once in response to the first such request.

13. All objections or answers to requests for production which fail or refuse to fully respond to any request on the ground of any claim of privilege of any kind whatsoever shall:

      a. state the nature of the privilege;

2

b.     state the facts relied upon in support of the claim of privilege;

c.     identify all documents as to which the claim of privilege is asserted;

d.     identify all persons having knowledge of any facts relating to the claim of privilege; and

e.     identify all persons who have possession of the documents claimed to be privileged.

14.     If Plaintiff determines that there is no material responsive to these any of these requests, please state this.

15.     If Plaintiff does not reasonably believe that he will obtain such material in the future, please do not state that investigation is continuing.

16.     If Plaintiff does believe he will obtain such material in the future, state the details of how, why, and when. Please indicate, in detail, what steps Plaintiff has taken to obtain such material, and if he believes he will obtain this in the future, what steps he intends to take to do so.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Any and all copies of any recordings of any conversations between Defendant and Plaintiff.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such recordings from Defendant.

2.     Any and all copies of any recordings of any conversations between Defendant and any other individual.

**RESPONSE:** Plaintiff is in possession of no responsive documents.

3

3.    Any and all copies of any voice messages left by Defendant.

**RESPONSE:** Plaintiff is in possession of no responsive documents.


4.    A copy of any documents relating to or referring to Defendant.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

5.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claims stated in paragraphs 31-39 and 46 of Plaintiff's complaint.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

6.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692d.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

7.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692d(2).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

8.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

4

9.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e(2)(A).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

10.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e(3).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

11.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e(4).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

12.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e(5).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

13.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e(7).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

14.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e(10).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

5

15.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692f.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

16.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692f(6)(C).

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

17.    All documents which refer or relate to the allegations in the Complaint, including but not limited to all documents and communications that pertain, refer, support, or relate, in any way, to any of the allegations or to any of the facts underlying any of the allegations in Plaintiff's Complaint.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

18.    All documents concerning any communications between Plaintiff or his attorneys and PRA.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

19.    All statements given by Plaintiff concerning the allegations in the Complaint.

**RESPONSE:** Plaintiff is in possession of no responsive document, other than notes taken by his attorney during communications with Plaintiff.

20.    All correspondence or other documents generated by PRA in the possession of Plaintiff or his attorneys.

6

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

21.     All documents in the possession of Plaintiff or his attorneys concerning the collection methods used by PRA.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

22.     Copies of any and all documents that refer to or concern the terms of the agreement for the engagement of legal services between Plaintiff and any attorney who represents or has represented Plaintiff with respect to the allegations contained in the Complaint.

**RESPONSE:** Objection. The request seeks information protected by the attorney/client communications privilege and/or the attorney work product doctrine.   s/ J. Mark Meinhardt

23.     All documents which support Plaintiff's contention that Defendant violated the FDCPA or any other laws with respect to the collection of Plaintiff's Account.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

24.     Plaintiff's attorneys' time records pertaining to this lawsuit, which may be redacted to the extent necessary to preserve the attorney-client privilege.

**RESPONSE:** Objection. Not reasonably calculated to lead to the admission of admissible evidence.   s/ J. Mark Meinhardt

25.     Receipts for all costs of court for which Plaintiff seeks reimbursement in this lawsuit.

7

**RESPONSE:** Filing fee and service costs are available in court-filed documents. May supplement as case progresses.


26. To the extent not produced in response to a more specific request above or protected by the attorney work product privilege, all documents in any way relating to the damages Plaintiff is seeking recovery of in this lawsuit.

**RESPONSE:** Plaintiff is in possession of no responsive documents.


27. All documents referred to, referenced or identified in Plaintiff's Answers to Interrogatories.

**RESPONSE:** Plaintiff is in possession of no responsive documents, other than notes taken by attorney during communications with Plaintiff and Defendant's pleadings and discovery responses.


28. All documents which Plaintiff referred to or reviewed for purposes of responding to Defendant's First Set of Interrogatories.

**RESPONSE:** Plaintiff is in possession of no responsive documents, other than notes taken by attorney during communications with Plaintiff and Defendant's pleadings and discovery responses.


29. Copies of any policies of insurance issued by any entity which paid any expenses of any type and nature incurred by Plaintiff as a result of any injuries which Plaintiff may have sustained as a result of the occurrences described in the Complaint.

8

**RESPONSE:** Plaintiff is in possession of no responsive documents.

30.     All documents which Plaintiff has provided to any lay or expert witness or investigator regarding this case.

**RESPONSE:** Plaintiff is in possession of no responsive documents.

31.     Notes kept by Plaintiff or anyone acting on Plaintiff's behalf regarding any and all conversations Plaintiff has had with Defendant.

**RESPONSE:** Plaintiff is in possession of no responsive documents.

32.     All documents relating to communications or attempted communications, written or verbal, between Plaintiff or anyone acting on Plaintiff's behalf and PRA or any other related entity, including but not limited to correspondence, notes, logs of telephone calls, and tape recordings regarding the allegations referenced in Plaintiff's Complaint.

**RESPONSE:** Plaintiff is in possession of no responsive documents. Plaintiff is awaiting production of such documents from Defendant.

33.     All statements made by any person relating to the occurrence or the matters alleged in Plaintiff's complaint or Plaintiff's alleged injuries and damages.

**RESPONSE:** Plaintiff is in possession of no responsive documents.

34.     All documents that concern, refer or relate to any actions Plaintiff took to mitigate the damages she claims to have suffered by reason of Defendant's alleged actions.

**RESPONSE:** Plaintiff is in possession of no responsive documents.

9

35.     If Plaintiff is seeking recovery of damages for any medical condition (including emotional distress) that Plaintiff claims to have suffered by reason of Defendant's conduct, please produce all of your medical records for the preceding five years.

**RESPONSE:** Not applicable.

36.     If Plaintiff is claiming mental anguish damages as a result of any alleged acts or omissions on the part of Defendant, please produce all documents evidencing these damages.

**RESPONSE:** Plaintiff is in possession of no responsive documents.

37.     All documents which Plaintiff intends to mark as exhibits or introduce into evidence at trial which were not already produced in response to this request for production of documents.

**RESPONSE:** Plaintiff objects to the timing of the information requested by the Defendant as it is controlled by the Federal Rules of Civil Procedure and will be provided to the Defendant pursuant to the Federal Rules of Civil Procedure. Plaintiff objects to the request as being premature. The Federal Rules of Civil Procedure do not require a party to provide its trial strategy to the opposing party in discovery. The responding party will provide exhibit lists in accordance with the Federal Rules of Civil Procedure and the Orders entered by the Court in this case. s/ J. Mark Meinhardt

38.     All statements given by Plaintiff or any other witness concerning the allegations of the Complaint.

**RESPONSE:** Plaintiff is in possession of no responsive documents.

10

39.     Any agreement between Plaintiff and his attorney relating to Plaintiff's claim against Defendant.

**RESPONSE:** Plaintiff objects to the request as it seeks information protected by the attorney/client communications privilege and/or the attorney work product doctrine.


40.     Any agreement between Plaintiff and any referring attorney or debt counselor relating to Plaintiff's claim against Defendant.

**RESPONSE:** Not applicable.


41.     All documents Plaintiff and his attorneys receive in response to any subpoena issued in this litigation.

**RESPONSE:** Plaintiff is in possession of no responsive documents.


42.     Copies of all deposition transcripts in which Plaintiff has given deposition testimony.

**RESPONSE:** Plaintiff is in possession of no responsive documents.


43.     Copies of all affidavits executed by Plaintiff for purposes of or use in federal or state court litigation.

**RESPONSE:** Plaintiff is in possession of no responsive documents.


11