# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PAUL ROLLINS, )
)
       Plaintiff, )
)
v. )
) NO. 4:11-CV-00665-GAF
PORTFOLIO RECOVERY ASSOCIATES, )
LLC, )
       Defendant. )

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 26 and 33, the Plaintiff, Paul Rollins, by and through his attorney of record, J. Mark Meinhardt, hereby responds as follows to Defendant's Supplemental Request for Production of Documents.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to PRA's discovery requests:

1. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

2. "Plaintiff" refers to PAUL ROLLINS and any of PAUL ROLLINS' agents, representatives, successors or assigns or anyone acting on behalf of Rollins.

3. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

4. The use on the word "including" shall be construed to mean "without limitation."

5. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

6. To "identify the entire basis" means to provide the complete factual summary of each element of the claim, allegation, or denial. The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation or denial.

7. "PRA" refers to Portfolio Recovery Associates, LLC.

8. "Document" includes, without limitation, and without regard to the form of matter of recording, any transcript, report, memorandum, record, letter, telegram, wire, overnight letter, pamphlet, brochure, book, minute, microfilm, instruction manual, telephone log, procedural guideline, microfiche, invoice, calendar, appointment book, note, computer printout, or other writing whether printed, handwritten or otherwise and whether an original, draft or copy.

9. "Communication" or "correspondence" refers to any verbal, written, electronic or other transmittal of words, thoughts, ideas, or images between or among persons or groups of persons, whether in person, by letter, by telephone or by any other means.

10. This request calls for the production of documents in the possession, control or custody of Plaintiff or his agents, attorneys, or other persons acting on his behalf.

11. Plaintiff shall produce the original copy of each document requested herein, as well as any drafts, revisions, or copies of the same which bear any mark or notation not present on the original, or which otherwise differ from the original.

12. If Plaintiff believes that any given document is responsive to more than one paragraph or subparagraph of this request, Plaintiff shall produce such document only once in response to the first such request.

13. All objections or answers to requests for production which fail or refuse to fully respond to any request on the ground of any claim of privilege of any kind whatsoever shall:

   a. state the nature of the privilege;

2

  b.  state the facts relied upon in support of the claim of privilege;

  c.  identify all documents as to which the claim of privilege is asserted;

  d.  identify all persons having knowledge of any facts relating to the claim of privilege; and

  e.  identify all persons who have possession of the documents claimed to be privileged.

14. If Plaintiff determines that there is no material responsive to these any of these requests, please state this.

15. If Plaintiff does not reasonably believe that he will obtain such material in the future, please do not state that investigation is continuing.

16. If Plaintiff does believe he will obtain such material in the future, state the details of how, why, and when. Please indicate, in detail, what steps Plaintiff has taken to obtain such material, and if he believes he will obtain this in the future, what steps he intends to take to do so.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692e(2).

**RESPONSE:** Plaintiff is in possession of no responsive documents other than tape documents provided by Defendant through discovery.

2. Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated 1692d(5).

**RESPONSE:** Plaintiff is in possession of no responsive documents other than tape documents provided by Defendant through discovery.

3

3. Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim of emotional distress and/or mental anguish.

**RESPONSE:** Plaintiff is in possession of no responsive documents other than tape documents provided by Defendant through discovery.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PAUL ROLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 4:11-CV-00665-GAF ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) ) |
| Defendant. | ) ) |

### RESPONSE TO DEFENDANT'S SUPPLEMENTAL INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Fed.R.Civ.P. 26 and 33, the Plaintiff, Paul Rollins, by and through his attorney of record, J. Mark Meinhardt, hereby responds as follows to Defendant's Supplemental Interrogatories Directed to Plaintiff.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to PRA's discovery requests:

1. All objections or answers to interrogatories which fail or refuse to fully respond to any interrogatory on the ground of any claim of privilege of any kind whatsoever shall:

    a. state the nature of the privilege;

    b. state the facts relied upon in support of the claim of privilege; and

    c. identify all persons having knowledge of any facts relating to the claim of privilege.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. "Plaintiff" refers to PAUL ROLLINS and any of PAUL ROLLINS' agents, representatives, successors or assigns or anyone acting on behalf of Rollins.

4. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

5. The use on the word "including" shall be construed to mean "without limitation."

6. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

7. To "identify the entire basis" means to provide the complete factual summary of each element of the claim, allegation, or denial. The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation or denial.

8. "PRA" refers to Portfolio Recovery Associates, LLC.

9. "Document" includes, without limitation, and without regard to the form of matter of recording, any transcript, report, memorandum, record, letter, telegram, wire, overnight letter, pamphlet, brochure, book, minute, microfilm, instruction manual, telephone log, procedural guideline, microfiche, invoice, calendar, appointment book, note, computer printout, or other writing whether printed, handwritten or otherwise and whether an original, draft or copy.

10. "Communication" or "correspondence" refers to any verbal, written, electronic or other transmittal of words, thoughts, ideas, or images between or among persons or groups of persons, whether in person, by letter, by telephone or by any other means.

## INTERROGATORIES

1. Identify the entire factual basis for your allegation that Defendant violated Section 1692e(2) of the FDCPA.

**ANSWER:** Defendant falsely represented the character of the debt in that it is uncollectable because it is out-of-statute.

2. Identify the entire factual basis for your allegation that Defendant violated Section 169d(5) [*sic*] of the FDCPA.

**ANSWER:** Plaintiff, at this time, has made no such allegation.

3. Please state whether Plaintiff is claiming she [*sic*] suffered emotional distress pursuant to PRA's collection efforts. If yes, identify the entire factual basis for Plaintiff's claim of emotional distress, and state the amount of damages sought for emotional distress.

**ANSWER:** The Plaintiff has incurred actual damages as a result of changes in sleeping habits, changes in eating habits, headaches, anxiety, anger, frustration, stress and embarrassment as a result of Defendant's actions against the Plaintiff. The Plaintiff is claiming statutory damages in the amount of $1,000.00, actual damages as determined by jury, reasonable attorney fees and cost and any other relief deemed appropriate by a jury. The Discovery is ongoing and Plaintiff may supplement this response

4. Please state whether Plaintiff is claiming she [*sic*] suffered mental anguish pursuant to PRA's collection efforts. If yes, identify the entire factual basis for Plaintiff's claim of mental anguish, and state the amount of damages sought for mental anguish.

**ANSWER:** Please refer to answer number three.

## PLAINTIFF'S SWORN SIGNATURE

STATE OF KANSAS      )
                     ) ss
COUNTY OF JOHNSON    )

The below named person, being duly sworn on oath states that he is the Plaintiff in the above captioned cause; and that he has made the foregoing answers from information that is true and correct according to his best knowledge and belief.

By: *[signature]*
Paul W. Rollins

On this 4th day of January in the year 2012, before me, Sherri Fisher, a Notary Public in and for said state, personally appeared Paul W. Rollins, known to me to be the person who executed the within Interrogatories and acknowledged to me that he executed the same for the purposes therein stated.

OFFICIAL SEAL
SHERRI FISHER
MY COMMISSION EXPIRES
February 12, 2013

*[signature]*
Notary Public

My Commission Expires: